UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIKHAIL LEONIDOVICH VASERMAN,

        Plaintiff,

        v.                                                  Case No. 20-C-330

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

## DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Mikhail Leonidovich Vaserman, who is currently representing himself, filed this action for judicial review of a decision by the Commissioner of Social Security on March 2, 2020. Plaintiff claims that the Social Security Administration (SSA) failed to consider his 2016 and 2017 earnings in calculating his retirement benefit. He seeks judicial review of the Commissioner's decision rejecting his claim. For the following reasons, the decision of the Commissioner will be affirmed.

### BACKGROUND

Plaintiff began receiving retirement benefits in May 2010 when he was 64 years old. R. 29–31. A claimant's earnings after becoming eligible for benefits are used in a recomputation of the primary insurance amount. 20 C.F.R. § 404.281(e). In March 2016, Plaintiff submitted a request for reconsideration, alleging that his post-retirement earnings were not fully considered, resulting in a miscalculation of his monthly benefit. R. 32–33. The SSA corrected Plaintiff's earning records for 2015 and 2016, resulting in an increase in Plaintiff's monthly benefit. R. 34–36.

Plaintiff subsequently requested recalculation of his benefits based on earnings in 2016 and 2017, asserting that his earnings were not calculated fully. In January 2018, the SSA notified Plaintiff that he was receiving the highest benefit payable based on his earnings. R. 39–41. In May 2018, the SSA issued a notice of reconsideration in which Plaintiff's benefit was calculated, resulting in no change in the monthly benefit amount. R. 42–59. The SSA explained that Plaintiff had already been given credit for his 2016 wages of $2,851.34. It also advised that Plaintiff's additional earnings increased his base benefit amount (or his primary insurance amount) and that the primary insurance amount had to be reduced by "five-ninths of one percent for each of the 23 months [Plaintiff] elected benefits prior to attaining [his full] retirement age of 66." *Id.* This resulted in final benefit amounts of $354.00 beginning in January 2017 and $361.10 beginning in December 2017. On May 19, 2018, Plaintiff submitted a request for hearing before an ALJ. R. 65.

ALJ Margaret J. O'Grady held an administrative hearing on April 4, 2019. R. 13–26. In a three-page decision dated June 12, 2019, the ALJ concluded that the calculation of Plaintiff's earnings included all of his earnings for 2016 and 2017, recomputation under 20 C.F.R. § 404.281 of the Social Security Act was unnecessary, and the amount of the benefit is correct. R. 10–12. First, the ALJ found that the calculation of benefits included all of Plaintiff's earnings for 2016 and 2017. R. 10–12. The ALJ explained that Plaintiff faxed W-2 forms to the ALJ. R. 11. The W-2 form for 2016 showed earnings of $2,851.34 and the W-2 for 2017 showed earnings of $112.00. The ALJ noted that Plaintiff's Social Security earnings records show $2,851.34 for 2016 and $112.00 for 2017. In the January 2018 recalculation of benefits letter and the May 2018 notice of reconsideration, the SSA listed Plaintiff's earnings as $2,851.34 for 2016 and $112.00 for 2017. *Id.* The ALJ then concluded that recomputation of the benefit was unnecessary because the earnings alleged by Plaintiff and the earnings considered by the SSA are the same. *Id.* The ALJ ultimately found that the amount of the benefit is correct. *Id.* The ALJ's decision became the final

2

Case 1:20-cv-00330-WCG   Filed 03/26/21   Page 2 of 4   Document 40

decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Thereafter, Plaintiff commenced this action for judicial review.

## LEGAL STANDARD

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported her decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Judicial review of the decisions of the Commissioner, like judicial review of all administrative agencies, is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Additionally, the ALJ is expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–5 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Plaintiff asserts that the ALJ incorrectly concluded that his retirement benefits account for his earnings of $2,851.34 in 2016 and $112.00 in 2017. After a review of the record, the Court concludes that the ALJ's finding that the SSA had included Plaintiff's 2016 and 2017 earnings in his benefit calculation is supported by substantial evidence.

The ALJ explained that Plaintiff's 2016 W-2 showed earnings of $2,851.34 and his 2017 W-2 showed earnings of $112.00. The ALJ observed that, in February 2017, the SSA informed Plaintiff that it had increased his benefit amount to $354.00 effective January 2017 to give him credit for his 2016 earnings. In doing so, the SSA necessarily took Plaintiff's 2016 earnings into account when it recomputed his primary insurance amount in 2017. The ALJ also correctly found that the SSA included Plaintiff's 2017 earnings in computing his benefit beginning January 2018. As the ALJ noted, both the SSA's January 2018 denial notice and May 2018 reconsideration notice listed Plaintiff's 2017 earnings. The ALJ concluded that, because the earnings alleged by Plaintiff and the earnings considered by the SSA are the same, recomputation of the benefit is unnecessary.

Although Plaintiff asserts that the recomputation of his benefits was not made in accordance with the law, he does not cite to any facts in the record or legal authority to support his contention. He does not offer any specific challenge to the calculation of his retirement benefit, arguing instead only that his 2016 and 2017 earnings were not considered. The ALJ reviewed all of the relevant facts and evidence and correctly concluded that the SSA considered Plaintiff's earnings for 2016 and 2017 and properly calculated his retirement benefit. This Court, like the ALJ, cannot find any evidence to support Plaintiff's assertion that the SSA improperly calculated his retirement benefit. The ALJ did not commit any legal error and substantial evidence supports her decision. I therefore affirm.

## CONCLUSION

For these reasons, the decision of the Commissioner is **AFFIRMED**. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge